# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **F.P.**

**No. 15-0358** (Raleigh County 13-JA-137-B)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.P., by counsel Michael Magann, appeals the Circuit Court of Raleigh County's March 19, 2015, order terminating his parental rights to F.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine Bond, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Colleen Brown-Bailey, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his post-adjudicatory improvement period, and in terminating his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's daughter, F.P., was born on March 24, 2013, prematurely and with special health needs. As such, the child remained hospitalized for several weeks after her birth. Eventually, F.P. was transferred to another hospital for heart surgery. In June of 2013, the DHHR filed a petition in the circuit court alleging that petitioner abused and neglected F.P. because he failed to visit F.P. at the hospital and because he failed to participate in her care. The petition further alleged that while F.P. was in the neonatal intensive care unit ("NICU"), petitioner did not regularly visit with F.P. even though he was residing at a nearby Ronald McDonald House. From April 17, 2013, to June 09, 2013, petitioner visited F.P. only nine times. Petitioner was present for F.P.'s heart surgery but did not visit with her for two days following the surgery and spent only thirty minutes with her. The petition also alleged that the hospital social worker expressed concerns that petitioner was not bonding with F.P., that he was not learning how to care for her special needs, and that there was no one there to hold F.P. The petition alleged that

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

when petitioner did visit F.P., the visits were short, he did not always participate in F.P.'s care, and the hospital had difficulty contacting him regarding her care.

In July of 2013, the circuit court held a preliminary hearing and, based on the circuit court's finding of petitioner's severe lack of involvement, it granted the DHHR custody of F.P. Petitioner and the mother were ordered to undergo psychological evaluations. The hearing was then continued. In August of 2013, the multidisciplinary team ("MDT") met to discuss visitation and petitioner and the mother were granted supervised visitation with F.P. once per week.

In October of 2013, the circuit court held the continued preliminary hearing which petitioner waived. In August of 2014, the circuit court held an adjudicatory hearing and adjudicated petitioner as an abusing parent because he had neglected F.P.[2] Petitioner advised that he and the mother did not visit F.P. regularly because he worked odd jobs and the mother drove him to work. He also told the circuit court that they did not have the money to drive back and forth to visit F.P. on a regular basis. The circuit court noted that poverty was one element of petitioner's situation but that it did not explain or justify his behavior during the relevant period when F.P. had significant health issues that required the care of her parents. Petitioner motioned the circuit court for a post-adjudicatory improvement period.

In September of 2014, the circuit court granted petitioner's motion for a post-adjudicatory improvement period as an opportunity to rectify his neglect of F.P. Subsequently, the multidisciplinary treatment team ("MDT") met to develop the terms of petitioner's improvement period; however, he did not appear for the MDT. The DHHR met with petitioner on a later date to discuss the terms of the improvement period. The terms included petitioner obtaining adequate knowledge and skill to care for F.P., putting F.P.'s needs over his own, using his resources to meet F.P.'s needs, working with a service provider to learn parenting and adult life skills, undergoing a substance abuse assessment, obtaining employment, and obtaining safe and stable housing. Additionally, the DHHR found that it was necessary for petitioner to attend all scheduled visitations so that he could demonstrate parenting skills with F.P. present.

Sometime in January of 2015, petitioner took a job that required him to move to the State of Texas for one month. The DHHR and petitioner's service provider expressed concerns that his absence would inhibit his ability to participate in services and to visit F.P. Subsequent to petitioner's relocation, the DHHR filed a motion to terminate his improvement period and to terminate his parental rights. In response, petitioner filed a motion to extend his improvement period.

In January of 2015, the circuit court held an evidentiary hearing on petitioner's motion. The testimony presented at the hearing indicated that petitioner failed to enroll in the Raleigh County day report outpatient drug treatment program as required by the terms of his improvement period. The DHHR service providers testified that petitioner failed to attend the

---

[2]The circuit court adjudicated petitioner as a neglectful parent, however, West Virginia Code § 49-1-3(2) defines an "abusing parent" as "a parent, guardian or other custodian . . . whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect."

visitations scheduled to observe his parenting skills and interaction with F.P., and that when petitioner attended supervised visits with F.P., she was not bonded with petitioner. The DHHR service providers further testified that visitations were reduced from two hours to one hour because F.P. became upset during her visits with petitioner. The DHHR service providers testified that petitioner was typically late for visitations, and appeared to be waiting for visitation to be over. Further, petitioner was supposed to call to schedule visitations yet he failed to schedule at least two visits in January of 2015. As such, the DHHR recommended the termination of petitioner's parental rights. The circuit court continued the hearing.

In February of 2015, the circuit court held an additional evidentiary hearing on petitioner's motion. Petitioner testified that he did not visit F.P. before he relocated to the State of Texas for his new job and that he did not contact the DHHR once he returned to West Virginia. Petitioner testified that he had not participated in any required drug screens or services since January of 2015. Petitioner further testified that he returned to West Virginia for eight days to visit an injured friend, but that he did not contact the DHHR or attempt to visit F.P. At the close of the evidence, the circuit court denied petitioner's motion to extend his improvement period, terminated petitioner's improvement period, and terminated his parental rights upon a finding that petitioner did not comply with the terms of his improvement period and that he had disengaged as a parent to F.P. from birth until the present. By order dated March 19, 2015, the circuit court terminated petitioner's improvement period and his parental rights to F.P. Petitioner now appeals from this order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion to extend his post-adjudicatory improvement period, terminating that improvement period, or in terminating his parental rights.

First, the Court finds no merit in petitioner's argument that the circuit court erred in terminating his improvement period rather than granting him an extension of the same. Petitioner contends that his compliance with some aspects of his improvement period warranted additional

3

time for him to improve on the issues of neglect. We disagree and find that the circuit court properly terminated petitioner's improvement period.

We have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period before the [applicable] time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, in part, *In re: Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993). Moreover, West Virginia Code § 49-6-12(h) requires that the circuit court terminate an improvement period upon a finding that the parent has failed to fully participate in its terms.

The record on appeal demonstrates that petitioner did not fully comply with the terms of his improvement period. While petitioner argues that he did meet with his service providers initially, it is clear that he did not fully comply with the most important aspect of his case plan, the care of and visitation with F.P. Petitioner's case plan specifically called for him to demonstrate his parenting skills to service providers by attending all scheduled visits. However, according to the record on appeal, petitioner failed to attend those visitations scheduled to observe his parenting skills and interaction with F.P. Additionally, when petitioner attended his supervised visits with F.P., he did not bond with her. The record on appeal further shows that service providers reduced petitioner's visits from two hours to one hour because F.P. became upset during those visits, that petitioner was typically late for visits, and that he appeared to be waiting for the visits to be over. Petitioner was required to call to schedule visitation with F.P. and he failed to schedule at least two visits in January alone. According to petitioner's own testimony, he did not visit F.P. before he relocated to the State of Texas for a new job and he did not contact the DHHR once he returned to West Virginia. Petitioner also testified that he had not participated in any required drug screens or services since January of 2015. Petitioner further testified that he returned to West Virginia for eight days to visit an injured friend, but that he did not contact the DHHR or attempt to visit F.P. during that time. Based upon petitioner's failure to fully participate with the terms of his improvement period, the circuit court properly terminated his improvement period upon the DHHR's motion and denied his request for an extension thereof.

As to petitioner's argument that the circuit court erred in terminating his parental rights, the Court finds no error. As addressed above, the evidence established that petitioner did not comply with the services the DHHR offered in the abuse and neglect proceeding. Further, the circuit court noted that petitioner failed to remedy or improve the circumstances present from the beginning of the abuse and neglect proceeding and completely disengaged from F.P.; failed to prioritize F.P. from her birth; failed to visit with or build a relationship with F.P.; and failed to learn how to care for F.P.'s special health care needs. As such, the circuit court found that petitioner remains a stranger to F.P.

Pursuant to West Virginia Code § 49-6-5(b), "'no reasonable likelihood that conditions of neglect or abuse can be substantially corrected' shall mean that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Additionally, pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

4

Pursuant to West Virginia Code § 49-6-5(b)(3), "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" includes a situation in which the parent has not

> responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Based on the evidence set forth above, it is clear that the circuit court was presented with sufficient evidence upon which to base this finding, as well as the finding that termination of petitioner's parental rights was necessary for the child's welfare.

> Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). While petitioner argues that he complied with some aspects of his improvement period and that his partial compliance warranted additional time for him to improve on the issues of neglect, the circuit court's finding that he demonstrated a total disengagement from F.P. illustrates that petitioner failed in two years to remedy or improve the circumstances present from the beginning of the abuse and neglect proceeding. As such, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 19, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II